UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE BURNS,

    Plaintiff,

v.                                                      Case No. 8:20-cv-2256-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security
Administration,[1]

    Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and the Plaintiff's supplemental submission on the matter. (Docs. 27, 31). After careful review and with the benefit of oral argument, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in September 2020, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits.

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, replacing the former Commissioner, Andrew M. Saul. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Mr. Saul as the Defendant in this suit.

(Doc. 1). In June 2021, the Commissioner moved for the entry of a judgment in the Plaintiff's favor and for the action to be remanded in accordance with sentence four of 42 U.S.C. § 405(g). (Doc. 19). The Court granted that request (Doc. 20), and the Clerk of Court entered Judgment for the Plaintiff the same day (Doc. 21). Roughly five months later, the Plaintiff sought and obtained $5,673.21 in attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 23, 24, 25, 26).

As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Doc. 27-3). According to the letter authorizing this relief, the Social Security Administration (SSA) withheld $13,213 of this past-due amount for a possible future award of attorney's fees. *Id.* at 2. This figure equates to twenty-five percent of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards. *See* 42 U.S.C. § 406(b).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $13,213 for the services her lawyer rendered in this action. (Doc. 27). This $13,213 sum does not conflict with the Plaintiff's fee agreement, as that contract provides for a contingency fee of up to twenty-five percent of her past-due benefits. *Id.* According to the Plaintiff, her counsel is aware of her obligation to reduce the $13,213 sum by the amount of the previous EAJA award of $5,673.21 in the event the Court grants her motion. *Id.* at 4.[2]

---

[2] The Plaintiff additionally represents that her attorney will refund any fees authorized by the SSA under 42 U.S.C. § 406(a) for the work her counsel performed before the agency. (Doc. 31). As the Plaintiff advises in her motion and in her supplemental submission, and as her lawyer also explained

2

The Plaintiff also states that the Commissioner consents to the requested fee amount. *Id.* at 2.

II.

Section 406(b) of Title 42, United States Code, governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner later grants the claimant past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam).[3] Under such circumstances, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. ___, 139 S. Ct. 517, 522 (2019).

The fee amount sought, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court conduct an independent review of a counsel's fee arrangement with her client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney supply "a

---

at oral argument, the possibility of a section 406(a) fee award is a real one because the ALJ has already "inadvertently" approved such a payment. (Docs. 27, 31). While counsel is appealing this ruling, it is unclear at this point whether she will be able to prevent the payment from being made.

[3] The District's Standing Order provides that an attorney seeking fees pursuant to section 406(b) must move for such fees within sixty days of the date on the SSA's letter setting forth the amount of the past-due benefits. *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7, 2021). The instant motion is timely because it was filed on January 30, 2023, and the SSA's letter is dated January 14, 2023. (Docs. 27, 27-3). The Commissioner does not claim otherwise.

record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee amount be offset by any previous fee award or by any fees due counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting an earlier EAJA award from a subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

In this action, the Plaintiff's requested fee amount of $13,213 is based upon 25.95 hours expended by her counsel on this appeal during 2020 and 2021. (Doc. 27-2). This sum encompasses all the work the Plaintiff's lawyer performed before the Court and is consistent with the Plaintiff's contingency fee agreement, as the sought-after figure equates to less than twenty-five percent of the total past-due benefits granted to the Plaintiff. (Docs. 27, 27-1, 27-3). In light of these facts, as well as the nature of the legal services rendered, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee amount is reasonable.

III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's motion for attorney's fees (Doc. 27) is granted, and the Plaintiff shall be awarded fees in the amount of $13,213 pursuant to 42 U.S.C. § 406(b). This sum shall be paid to the Plaintiff's lawyer from the past-due benefits currently being withheld by the Commissioner.

2. Upon receipt of these funds, Plaintiff's counsel shall promptly refund to the Plaintiff the previously authorized EAJA fee award of $5,673.21. Plaintiff's counsel shall also refund any fee payments issued pursuant to 42 U.S.C. § 406(a).

3. This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 7th day of March 2023.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record